Lynn S. Walsh, OSB #924955
email: lynn@lynnwalshlaw.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| M.F., <br><br> Plaintiff, <br><br> v. <br><br> LEVI GRAY, CHAD NAUGLE, NICOLE BROWN, DAVID GONZALEZ, LINDSEY NOACK, TIMOTHY CRANE, RAY MOONEY, and PETER BRUNS, SR. <br><br> Defendants. | NO. <br><br> COMPLAINT <br> Civil Rights Action (42 U.S.C. § 1983); <br><br> DEMAND FOR JURY TRIAL |

M.F. is a woman who is incarcerated at Coffee Creek Correctional Facility (CCCF), the only women's prison in the Oregon Department of Corrections (ODOC) system. Over the course of approximately two years, M.F. was sexually abused by Correctional Officer Levi Gray. During the abuse and since the abuse, M.F. was subjected to retaliation.

**JURISDICTION**

1.  This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C.

Page 1     COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

§§1983, 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

2.     Venue is proper within the District of Oregon because all the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).

## PARTIES

3.     Plaintiff M.F. is an adult currently residing at Coffee Creek Correctional Facility (CCCF) in Wilsonville, Washington County, Oregon.

4.     Levi Gray was an employee of the Oregon Department of Corrections (ODOC) and was a correctional sergeant at CCCF. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

5.     Chad Naugle is an employee of ODOC and was the assistant superintendent of security at CCCF. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

6.     Nichole Brown is an employee of ODOC and was the superintendent of CCCF. She is sued in her individual capacity. At all times relevant, she was acting under color of state law.

7.     David Gonzalez is an employee of ODOC. He is a Captain or Lieutenant and was the PREA Compliance Manager at CCCF. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

8.     Lindsey Noack was an employee of ODOC. She was a Captain and was the PREA Compliance Manager at CCCF. She is sued in her individual capacity. At all times relevant, she

Page 2         COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

was acting under color of state law.

9.  Peter Bruns, Sr. is an employee of ODOC. He was a Lieutenant at CCCF and now appears to work in a non-correctional position in the physical plant as a manager. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

10. Ray Mooney is an employee of ODOC and is the welding boss at CCCF. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

11. Timothy Crane is an employee of ODOC and is the physical plant manager at CCCF. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

## FACTUAL ALLEGATIONS

12. Plaintiff M.F. is a woman currently in custody at Coffee Creek Correctional Facility, an institution within ODOC that houses women.

13. Levi Gray has a significant history of sexual abuse and sexual harassment of women in custody at CCCF.

14. Gray also has a significant history of workplace misconduct which includes the harassment and retaliation against women officers who made complaints against him.

15. In May 2025, Levi Gray pled guilty to two counts of Official Sexual Misconduct, a Class C Felony, regarding his abuse of J.B., a young woman in custody. J.B. has sued Gray and other ODOC employees in federal court, District of Oregon Case No. 23-cv-01962-CL.

16. Gray has another federal lawsuit filed against him for prison sexual abuse of another woman in custody (June Doe) during 2018. The case is District of Oregon Case No. 3:24-cv-02011-AB.

17. In June of 2021, Gray apparently became out of control and obsessed with M.F. He

Page 3     COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

began looking up M.F.'s private information in the DOC400 (an antiquated ODOC computer database with inadequate security measures). ODOC records indicate Gray looked up private information, including M.F.'s trust account information, on numerous occasions starting June 15, 2021, through December 2021, often multiple times per day. Looking up private trust account information is indicative of extortion or drug activity.

18. In July 2021, someone accused Gray of kissing and being in a relationship with M.F. Gray was investigated, and out of a very legitimate fear of retaliation, M.F. denied the incident.

19. Gray continued the sexual harassment and sexual abuse of M.F. until April of 2023. The abuse consisted of sex acts, inappropriate touching, Gray taking pictures of M.F. unclothed on his cell phone, sexual harassment, and creating a hostile living situation over the course of almost two years.

20. Gray was walked off of the CCCF campus on May 23, 2023 after his abuse of J.B. (paragraph 15 above) was discovered. Gray was eventually terminated from ODOC.

## Gray's Past Employment History

21. It is a matter of public record that Gray has a history working as a bouncer/manager of a strip club in North Portland called The Viewpoint. He worked there for over three years from 2005 to 2008. By his own admissions in a lawsuit he filed in April 2010, the club overserved intoxicated patrons and dancers, and served alcohol to underaged patrons; illegal drugs were sold at the club; one employee sexually assaulted other employees or had them perform sex acts for cash payments; patrons paid for "illegal dances;" and the club discriminated against performers based upon their unwillingness to engage in unlawful, paid sexual acts.

22. Based upon the public information described in paragraph 25, Defendants Brown and

Page 4    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

Naugle knew or should have known that Levi Gray was unsuited to work in a women's prison.

**Gray's History of Misconduct at ODOC**

23.     Gray has a very long history of misconduct at CCCF.  Gray's misconduct history demonstrates that abuse of women, both women in custody and women employees, is the norm at CCCF. Gray's misconduct history is very well documented in ODOC records as follows:

a.  On June 15, 2017, the prior CCCF superintendent Rob Perrson initiated an investigation into Gray for violating boundaries with woman in custody J.S., including by allegedly leaving a hickey on J.S.'s neck, and for violating CCCF's policies and procedures regarding housing assignments (in which J.S. was involved).  This investigation also included allegations of Gray orchestrating with an adult in custody to introduce the Schedule II drug Suboxone into the prison. J.S. was disciplined and went to disciplinary segregation for the hickey. As far as can be determined, there was no action against Gray for the boundary violations, for orchestrating the introduction of drugs into the prison, or for the substantiated allegation of violating CCCF's policies and procedures regarding housing assignments.

b.  In February 2020, Gray was accused of showing pornographic photos of his girlfriend, ODOC employee Sgt Sara Herd, to other ODOC security staff. Gray (who was married to someone else) denied the allegations at the time, but admitted the photos existed and that he discussed them off duty with others in the parking lot at CCCF. He was never disciplined for this conduct.

c.  In April 2021, Gray was accused of touching Sgt. Herd inappropriately in the workplace. He was not disciplined for this conduct.

d.  Also in April 2021, Gray was accused of making extremely inappropriate sexual

Page 5          COMPLAINT                                    LYNN S. WALSH
                                                                                                      OSB# 924955
                                                                                          610 SW Alder St., #415
                                                                                             Portland, OR 97205
                                                                                                    503-790-2772
                                                                                        lynn@lynnwalshlaw.com

comments to Sgt. Herd in the workplace. He was not disciplined for this conduct.

e. Beginning in May of 2021, Gray began harassing woman correctional officer M.G. who had made complaints regarding Gray's inappropriate workplace behavior with Herd. Specifically, he demanded to know what she stated in her complaint; she refused. Gray began threatening and harassing Officer M.G. Gray's behavior got so bad that Officer M.G. became afraid to walk to her car alone at night and was afraid to be around Gray. Even though defendant Assistant Superintendent Naugle told Gray that Gray could not question Officer M.G., Gray persisted with the intimidation and harassment. Gray's intimidation and harassment of Officer M.G. continued until at least sometime in June of 2021, when Naugle issued a "separation order" for Gray and Officer M.G.

f. On June 28, 2021, Gray is alleged to have sexually assaulted adult in custody J.Z.

g. On July 6, 2021, Gray is alleged to have sexually assaulted adult in custody J.Z. a second time.

h. On July 8, 2021, adult in custody J.Z. reported the sexual abuse described in paragraphs f and g above to prison personnel. ODOC investigated and did not substantiate (but also did not rule out) the allegations of sexual assault, yet did substantiate that Gray was in violation of the Rule of Three for being alone with an adult in custody. Even though a violation of the Rule of Three can result in the termination of employment, Gray received no discipline.

i. Corrections Officer K.R. (a woman) received information regarding Gray's abuse of J.Z. yet was told by a Lieutenant not to write a memo. K.R. ignored the Lieutenant and submitted the PREA Complaint Form. Gray then accosted Officer K.R. demanding to know what she said in the PREA complaint. Gray then attempted to set up Officer K.R. to be assaulted by

Page 6     COMPLAINT     LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

an adult in custody by seriously violating security protocols.

j. From on or about April 1, 2023 to May 23, 2023, Gray sexually abused J.B. as described above in paragraphs 15 and 20.

k. On April 4, 2023, Gray failed to follow security protocols, which resulted in an assault of an officer.

l. Also on April 4, 2023, Gray used excessive force against an adult in custody. A review team's report confirming the excessive use of force described Gray's actions as follows:

> "The video showed Sgt. Gray placed AIC [redacted] against the wall in an aggressive manner; or, at minimum, in a manner· that was inconsistent in the assurance of her safety given she was wearing glasses and she was placed on the wall so her face appeared to bounce off the wall."

In further demonstration of Gray's lack of fitness for his position, he called this AIC "a fucking child" after the substantiated use of excessive force.

m. On April 17, 2023, Gray failed to follow security protocols, which placed the officers at risk of assault.

n. On May 18, 2023, a complaint was brought forward that between March and May of 2023, Gray was not following security protocols which increased the risk of assaults on staff.

o. Other allegations included numerous instances of violating security protocols that required two person escorts, e.g., he would escort women adults in custody alone to the shower.

24. Based upon paragraph 23 a-o above, a staff member's years-long history of misconduct will not result in termination from CCCF.

25. Gray's pattern of misconduct and abuse is even more striking considering that between February 2019 to May 23, 2023, just over 58 months, Gray was on several leaves of absence

Page 7     COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

from work, totaling approximately 24 months. Thus, all but the 2017 misconduct actually took place over only the 28 months that Gray was on duty at CCCF.

26. The leaves of absence are claimed to be medical leaves of absences, although they seem to coincide with ODOC investigations of his misconduct.

### Allegations Against Defendant Captain David Gonzalez and Lindsey Noack

27. Lindsey Noack was CCCF's PREA Compliance Manager during 2021 until May of 2022. Ms. Noack was duty stationed at home and eventually terminated for a variety of reasons which included violating PREA policies and procedures, being untruthful, and tampering with an investigation. Upon information and belief, she was also in violation of PREA for being in a relationship with an adult in custody.

28. David Gonzales was CCCF's PREA Compliance Manager from 2022 through approximately some time in 2024.

29. CCCF's PREA Compliance Managers (PCM) were responsible for ensuring that CCCF complies with the Prison Rape Elimination Act, and the federal PREA regulations.

30. Specifically, according to a job posting by ODOC,

> "[t]he PCM shall evaluate the effectiveness and quality of the PREA program at the facility on an ongoing basis and recommend and formulate plans for strategies to address issues or compliance concerns. *This includes after action reviews to determine the cause of sexual abuse and sexual harassment, to ensure that corrective action is completed to prevent future abuse from occurring*." (Emphasis supplied.)

31. Both Gonzales and Noack knew or should have known that Gray was regularly violating the CCCF Rule of Three. The Rule of Three is in place so that no adult in custody is alone with a correctional officer in a place that cannot be seen on cameras.

32. In fact, the allegations made by J.Z. against Gray in June and July of 2021 substantiated

Page 8     COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

that Gray was violating the Rule of Three. Yet, neither Gonzles or Noack, who were specifically charged with enforcing the PREA rules and regulations, took any steps to ensure that Gray was complying with the Rule of Three during their respective stints as PREA compliance managers.

### Factual Allegations Regarding Culture of Sexual Abuse and Retaliation

33. Sexual abuse appears to be the norm at CCCF.

34. The management defendants Brown and Naugle have failed to take meaningful action to prevent the sexual abuse of women in custody.

35. Ms. Noack's actions as described in paragraph 27 above indicate that those in charge of preventing sexual abuse at CCCF can act with impunity.

36. Ms. Noack also spent at least several years as a PREA investigator, thus compromising the credibility of her investigations.

37. Further support for sex abuse being the norm at Coffee Creek include:

    a. A former CCCF nurse was recently sentenced to 30 years in prison for sexually abusing approximately 17 women. The total number of victims is unknown.

    b. Based upon public information, the allegations against the nurse were labeled as "unfounded" by ODOC personnel, including Noack.

    c. A former groundskeeper was arrested in 2009 for sexually abusing Adults in Custody in an area of the prison called the "rape shed."

    d. A 2012 article in the Oregonian revealed "rampant problems and missed opportunities to fix them," finding that sex occurred all over the 108-acre prison campus, and that security weaknesses identified years earlier remained.

38. The corrections ombudsman, who was hired in late 2022, described the culture at ODOC in

Page 9     COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

August 2023 as follows:

> While the DOC has several internal review processes in place regarding sexual assault incidents in prison they do not appear to be addressing the problem. I think there are multiple reasons for this including a DOC culture that dehumanizes AIC, a leadership that is unable or unwilling to change the culture, acknowledge the severity of the problem, or to initiate radical (I use that word deliberately because it is my belief that the current DOC practices and philosophy around this issue are so underwhelming that making the necessary changes seems extraordinary compared to the current system). One of the barriers to accountability is that the DOC (based on DOJ recommendations and the choices of DOC leadership) has created a culture where staff are discouraged (this practice was reported to me directly from an institutional manager where a staff sexual assault was recently discovered) from communicating about these issues in email or other documentation because it will encourage and support litigation against the DOC.

39. Brown and Naugle failed to take any steps to remedy the culture at CCCF.

40. Likewise, there is a long history of retaliation for reporting sexual abuse at CCCF.

41. MF worked in the physical plant as a welder, and was working to get her certifications.

42. Defendants Bruns, Mooney and Crane ensured that MF could no longer work in the physical plant and participate in programs once they learned that she was involved in a PREA complaint.

## FIRST CLAIM FOR RELIEF

**(Civil Rights 42 USC § 1983 (Eighth Amendment – Sexual Abuse) against Defendants Gray Gonzalez, Noack, Brown, and Naugle)**

43. Plaintiff realleges paragraphs 1- 42.

44. Defendant Gray violated the 8th Amendment prohibition against cruel and unusual punishment as follows:

> In using his position of authority to engage in the repeated sexual abuse and harassment of M.F. over the course of almost two years.

45. Defendants Noack and Gonzalez violated the 8th Amendment prohibition against cruel

Page 10    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com

and unusual punishment as follows:

   a. In failing to take action to prevent Gray's violation of the Rule of Three;

   b. In failing to enforce the Rule of Three; and

   c. In failing to ensure that officers followed the ODOC PREA Policies and Orders.

46.     Defendants Brown and Naugle violated the 8th Amendment prohibition against cruel and unusual punishment as follows:

   a. In failing to remove Gray from the women's prison after the numerous investigations for sexual abuse, sexual harassment, boundary violations, violations of the Rule of Three, and the intimidation and harassment of women employees;

   b. In allowing Gray to work in a women's prison when it was clear based upon his work history that he was unsuited to work in a women's prison.

47.     As a result of defendants Gray, Brown and Naugle's violations of Plaintiff's Eighth Amendment rights, Plaintiff was repeatedly sexually abused and sexually harassed over the course of almost two years.   Accordingly, plaintiff is entitled to compensatory and punitive damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

**(Civil Rights 42 USC § 1983 (First Amendment – Retaliation) against Defendants Crane, Bruns and Mooney)**

48.     Plaintiff realleges paragraphs 1 - 42.

49.     Defendants Crane, Bruns and Mooney engaged in retaliation prohibited by the First Amendment of the United States Constitution by not allowing M.F. to work in the physical plant

Page 11        COMPLAINT                                LYNN S. WALSH
                                                        OSB# 924955
                                                        610 SW Alder St., #415
                                                        Portland, OR 97205
                                                        503-790-2772
                                                        lynn@lynnwalshlaw.com

and participate in work programs after they became aware of the Gray PREA investigation.

50. As a result of Crane, Bruns and Mooney's violations of M.F.'s First Amendment Rights, M.F. lived in continuous fear of further retaliation and suffered actual retaliation.

51. Accordingly, plaintiff is entitled to compensatory and punitive damages against defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of plaintiff against defendants for her compensatory and punitive damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988;

d. For such other and further relief as may appear just and appropriate.

DATED: 3/24/2025

                                        Lynn S. Walsh
                                        Lynn S. Walsh, OSB #92495
                                        (503)790-2772
                                        Of attorneys for plaintiff

Page 12     COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
lynn@lynnwalshlaw.com